■ In the Matter of the Claim of ARON KAMIEL, Respondent, against ORWASHER BAKERY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion for reargument, or in the alternative, for permission to appeal to the Court of Appeals, denied, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ. [See 4 A D 2d 899.]

■ In the Matter of the Claim of RICKI REYES, Respondent, against COWLES MAGAZINE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from an award of disability compensation. The sole issue is whether claimant was an employee or an independent contractor. Claimant is a professional model. She was employed by the employer, better known as *Look Magazine,* through an employment agency, to pose for a series of pictures displaying play clothing. Her compensation was at the rate of $25 per hour for less than a full day and $100 per day for a full day. The employer contacted her through an employment agency which agency received claimant's compensation upon her certificate as to the amount due, countersigned by a representative of the employer, and after deducting commission, paid the balance to her. It appears without dispute that after the first contact the employment agency exercised no control whatever over claimant's place or manner of work. Claimant reported at the office of the employer and was from there taken by a representative of the employer to the place where the pictures were to be taken. While the claimant possessed professional talents, it is unquestioned that she assumed poses directed by the representative of the employer, wore clothing furnished by the employer, and, in her own words: "Q. Who supervised the work that you were — the poses? A. Well, Miss Dean [employer's representative] was the head of the whole thing." The record is replete with undisputed testimony that the employer had full direction and control of the services which claimant rendered. Ordinarily the distinction between an independent contractor and an employee is a question of fact. (*Matter of Morton,* 284 N. Y. 167.) The mere fact that the employment was arranged through an agency is of little consequence because it appears that the employer could accept or reject an applicant who was referred by the agency. In the final analysis the employer hired the model and directed her activities. The evidence sustains a finding of the board that the claimant was an employee. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.